# Exhibit F

Case No. 1:21-cr-00332-RMR   Document 37-6   filed 07/18/22   USDC Colorado   pg 2 of 9

![Aurora Police Department Seal]

AURORA POLICE DEPARTMENT

GENERAL OFFENSE HARDCOPY

(STOLEN PROPERTY-POSSESS)

GO# 2021-5336
OPEN

Follow Up Report # 4

COUNTY COURT, ARAPAHOE COUNTY, COLORADO
EIGHTEENTH JUDICIAL DISTRICT

CASE NUMBER _____ DIVISION _____

MOTION FOR NONTESTIMONIAL IDENTIFICATION PURSUANT TO RULE 41.1 C.R.C.P.

THE PEOPLE OF THE STATE OF COLORADO

vs.

Lyndell Eugene Daniels dob: 11-25-1991
Defendant.

JOHN KELLNER, District Attorney for the Eighteenth Judicial District, by his Deputy, moves this Court for an Order for nontestimonial identification, pursuant to Rule 41.1 of the Colorado Rules of Criminal Procedure.

The grounds for this Motion are:

There are reasonable grounds, not amounting to probable cause to arrest, that Lyndell Eugene Daniels dob: 11-25-1991 committed the offense(s).

The results of nontestimonial identification procedures, specifically DNA Buccal Swabs will be of material aid in determining whether Lyndell Eugene Daniels dob: 11-25-1991 committed the offense(s).

The Affidavit of Investigator Detective Eric White #22725 is incorporated herein by reference.

JOHN KELLNER
District Attorney

By:    __/s/ Daniel Martin_____
       Deputy District Attorney
       Attorney Registration #_46098_____

Case No. 1:21-cr-00332-RMR    Document 37-6    filed 07/18/22    USDC Colorado    pg 3 of 9

**AURORA POLICE DEPARTMENT**

GO# 2021-5336
OPEN

**GENERAL OFFENSE HARDCOPY**
(STOLEN PROPERTY-POSSESS)

Follow Up Report # 4

COUNTY COURT, ARAPAHOE COUNTY, COLORADO

**AFFIDAVIT FOR RULE 41.1; COURT ORDER FOR NONTESTIMONIAL IDENTIFICATION**

I, Detective Eric White #22725, the Affiant herein, being of lawful age and having been first duly sworn upon oath, depose and state that I am a commissioned Police Officer with the City of Aurora Police Department. I have probable cause to believe that the offense (s) of:

Possession of a Weapon by Previous Offender-F6    18-12-108
Theft                                               18-4-401

has been committed; that there are reasonable grounds, not amounting to probable cause to arrest, to suspect that:

Lyndell Eugene Daniels dob: 11-25-1991

committed the offense (s); and that the results of nontestimonial identification procedures, specifically:

DNA Buccal Swabs

will be of material aid in determining whether Lyndell Eugene Daniels dob: 11-25-1991 committed the offense (s). My reasons for this belief are as follows:

Your Affiant advises the Court that your Affiant is currently assigned as a Detective to the Aurora Police Department Gang Unit. Your Affiant has been an Aurora Police Officer since September 2000. Your Affiant has previously been assigned to various investigative units within the Aurora Police Department to include the Vice/Narcotics Unit/ Marijuana Enforcement Team and the Front Range Drug Task Force as a Task Force Officer with the Drug Enforcement Administration (DEA) and District 2 Investigations. Your Affiant has been previously assigned to the Aurora Vice and Narcotics Unit from 2007 through 2010. Your Affiant has previously been assigned to the Metro Gang Task Force from April 2006 to May 2007. Your Affiant has experience with wire taps and long-term complex drug investigations. During that time, your Affiant investigated large scale drug organizations, street level drug crimes, prostitution and learned gang terminology, street slang and the hierarchy of drug dealers. Your Affiant has received eighty (80) hours of training related to basic drug investigations from the High Intensity Drug Trafficking Area/Drug Enforcement Administration (HIDTA/DEA). Your Affiant is also trained and certified by the Aurora Police Department in micro chemical presumptive analyses of controlled substances.

On February 9, 2021, your Affiant was assigned this case for follow up and case filing. Your Affiant has read the submitted reports, conducted additional investigation and believes the following occurred.

AURORA POLICE DEPARTMENT

GENERAL OFFENSE HARDCOPY
(STOLEN PROPERTY-POSSESS)

GO# 2021-5336
OPEN

Follow Up Report # 4

On February 7, 2021 at about 11:35 P.M., Commissioned Aurora Police Officers Shawn Sullivan #317733 and William Idler #317747 were dispatched to 15501 E. Alameda Parkway, Aurora, Arapahoe County, Colorado on a report of a group of males brandishing guns.

Call notes stated there was three black males next to a dark colored SUV. One male was wearing a black hoodie with black jeans, another male was wearing a black hoodie and jeans, and the last male was wearing a gray hoodie and blue jeans. The people described were intermittently taking weapons out and putting them back into their pockets.

There was a silver or white sedan was also involved according to the reporting person.

Officer Idler arrived on scene and parked his police vehicle on the street. Officer Idler saw a dark SUV with lights on parked in the front of the apartment complex where the reporting person described where the vehicle would be at.

A Black male wearing a black jacket with an orange construction type jumpsuit underneath saw Officer Idler. Officer Idler heard that male say something, and the dark SUV pulled out of the parking spot and fled the scene.

Officer Sullivan arrived in the area and was notified via radio that the dark colored SUV left the area at a high rate of speed towards Chambers Rd. Officer Sullivan saw the SUV and was able to follow behind as it turned north onto Chambers Rd.

Officer Sullivan followed the SUV from a distance and saw it was not driving erratically nor at a high rate of speed (about 40 miles per hour). The SUV was a blue GMC Envoy with Colorado License plates 418-FPO, which is registered to Maliccia and Jamal Jones at 3521 Jackson St, Denver, CO.

Officer Sullivan saw the GMC run the red traffic light at E. 1st Ave. and Chambers Rd. The GMC continued to E. 6th Ave where it turned and drove east on E. 6th Ave. Officer Sullivan conducted a traffic stop on the GMC. The GMC didn't immediately yield as it drove the speed limit, then turning into the Circle K gas station at 16070 E. 6th Ave and parking in front of the store.

Officer Sullivan waited to contact the occupants, who he could see through the GMC's open windows until more Officers arrived. After other Officers arrived on scene, a high-risk traffic stop was done. The two occupants of the GMC were ordered out of the vehicle and they laid on the ground in a prone position just west of the GMC. They were cooperative and detained then placed into the back seat of awaiting patrol cars.

The driver was positively identified by his Colorado Driver's license as Jamal Jones dob: 12-04-1991. Jamal was wearing a gray hooded sweatshirt with the hood up. The passenger was positively identified by his Colorado Driver's License as Jerry Jones dob: 07-20-1988. Jerry was wearing a black do-rag on his head and a gray shirt.

Aurora Police Sergeant Ryan Sweeney #306799 was on scene assisting. Sgt. Sweeney walked around the outside of the GMC and looked inside. While standing a few feet away from the GMC, Sgt. Sweeney could smell the odor of marijuana coming from inside the vehicle which led him to believe there was an open container of marijuana in the vehicle.

Case No. 1:21-cr-00332-RMR   Document 37-6   filed 07/18/22   USDC Colorado   pg
5 of 9

**AURORA POLICE DEPARTMENT**
**GENERAL OFFENSE HARDCOPY**
(STOLEN PROPERTY-POSSESS)

GO# 2021-5336
OPEN

Follow Up Report #   4

Sgt. Sweeney looked inside the GMC and saw a White and Red colored AR style rifle on the floor behind the front seats. The rifle was positioned in a way where the magazine well was pointed upwards. Inside the rifle was a metal 30 round magazine. Sgt. Sweeney told Officer Sullivan about his observations.

Officer Sullivan saw in plain view inside the GMC, an open container of fresh marijuana and an open container of "Old English" malt liquor on the back seat behind the driver's seat. Officer Sullivan also saw the AR-15 style rifle on the floorboard between the rear seat and the front seats.

Officer Sullivan searched the GMC and three other firearms were found inside the vehicle, for a total of 4 firearms in the GMC.

The four firearms are as described as:

1) Diamondback Tactical AR-015; White and Red, 5.56 caliber with serial number DB2441628. The rifle was found on the floor between the front and back seats, accessible and visible to anyone seated in the GMC. The rifle was loaded with a 30-round magazine, but no round in the chamber.

2) FMK brand; 9mm Semi-Automatic Pistol with serial number 8028454. This handgun was found under the driver's seat, accessible to the driver, Jamal Jones. This handgun was loaded with a round in the chamber.

3) Taurus brand; 9mm G2C Semi-automatic pistol with serial number TLP16246. This handgun was found between the front passenger seat and the center console. Loaded magazine, but no round in the chamber.

4) Glock model 17; 9mm handgun with serial number AAAX543. This handgun was found behind passenger seat on rear floorboard, accessible to the driver and anyone in the back seat. This handgun was loaded with a round in the chamber.

Officer Sullivan cleared the firearms through CCIC/NCIC and learned the Glock 17 was reported stolen through the Denver Police Department under their case number 2019-551329. On August 29, 2019, William Reynolds dob: [redacted] reported to DPD that someone entered into his 2018 Ford F-150 and stole his gun safe and his Glock handgun from the center console. There were no suspects in the case.

Officer Sullivan interviewed the passenger, Jerry Jones. Jerry said the he and his brother (Jamal) had been at the Blue Core shooting range at about 1:30 P.M.-2:00 P.M. hours and just didn't remove the guns from the car after that. Jerry said they went home to watch the Super Bowl at about 4:00 P.M. and then went to see his cousin "Lindell" at his apartment at 15501 E Alameda Ave to smoke Marijuana.

Jerry said while they were at the apartment parking lot the police showed up and they drove off. Officer Sullivan then read Jerry his Miranda Rights and Jerry said he understood his Rights and was willing to answer questions.

AURORA POLICE DEPARTMENT
GENERAL OFFENSE HARDCOPY
(STOLEN PROPERTY-POSSESS)

GO# 2021-5336
OPEN

Follow Up Report # 4

Officer Sullivan asked Jerry to describe what guns he had in the GMC. Jerry said his brother (Jamal) owned the guns and described all the guns except the Glock 17, saying there were two pistols and one rifle inside.

Officer Sullivan asked Jerry why he didn't mention the Glock 17 found inside and Jerry said it was from someone else who was in the back of their car when the police arrived, and they dumped it into the car. Jerry said he didn't know who had been in possession of the Glock 17.

Officer Sullivan then spoke with Jamal. Officer Sullivan asked Jamal why he drove through the red light at 1st and Chambers Rd, and Jamal said it was an accident because he was looking at his phone.

Officer Sullivan later read Jamal his Miranda Rights and he said he understood his rights and did not want to answer any questions surrounding the stolen Glock in his vehicle or how it got there.

Because of the location of the stolen gun and an inability to create constructive possession to either of the occupants, no charges were filed at this time in relation to the Glock 17. Officers also seized the 30-round magazine from the rifle.

Jamal was issued a citation for failing to obey the red light and having the open containers in the vehicle. Jamal's firearms were rendered safe and placed into the trunk area of the vehicle. They were released from the scene.

Back at the original call, Officer Idler had contacted the male in the orange jumpsuit who was later positively identified through Aurora Police Records as Lyndell Daniels Jr. dob: 11-25-1991. Officer Idler had his duty handgun in hand and started giving Lyndell orders to get on his knees. Lyndell initially complied due to his observed involvement with the SUV in question.

Once Lyndell got onto his knees, his brother later identified as Armand Amber dob: 07-22-1998 walked up to the Officers and started getting involved while Officer Idler was still giving orders to Lyndell.

Once Armand was in between Officer Idler and Lyndell, Lyndell got up and approached Officer Idler and Officer Snow. Armand and Lyndell started arguing with the Officers about the validity of their contact with them and kept asking why his handgun was out.

When Lyndell got up from his knees he repeatedly claimed he was a part of a Gang and was staring at Officer Idler very menacingly during the rest of the encounter.

Because of their non-compliance and Officer Snow had his weapon out as well, Officer Idler switched to his Taser and pointed it at Lyndell. Officer Idler never pointed his handgun at Lyndell or Armand during the encounter.

Officer Idler was trying to explain the situation and attempting to de-escalate with them. Officer Idler told Armand and Lyndell of the call and said they matched the description of the armed people.

AURORA POLICE DEPARTMENT

GENERAL OFFENSE HARDCOPY

(STOLEN PROPERTY-POSSESS)

GO# 2021-5336
OPEN

Follow Up Report # 4

Both Armand and Lyndell would not listen and continued to argue, asking Officer Idler if they were detained, which he told them yes, they were detained. Both Armand and Lyndell refused to be patted down for weapons, claiming if they had illegal items, they would have fled the scene and we would have not been able to catch them.

Officer Idler didn't try to search Armand or Lyndell due to only having two Officers on scene and three people involved. Armand's girlfriend also came up to us during this encounter and recorded our contact on her cell phone. She did not provide her information to Officer Idler but they repeatedly claimed they all lived at the residence and they had no involvement with the situation.

Aurora Police Sgt. Faith Goodrich #301023 arrived on scene and tried to de-escalate the scene enough so the Officers could get their information. Both Armand and Lyndell were eventually released from the scene with no charges.

On February 17, 2021, your Affiant contacted the reporting party, Kaila Kelson dob: Kaila said she was sitting in her living room, which is on the first floor of her apartment building. Kaila said she called because there were 5 males out in the parking lot being loud and holding handguns. Kaila said she peeked out of her window and saw the males. Kaila described them as all black males, wearing hoodies. Kaila said the parking lot is dark, so it's hard to see faces.

Kaila said there were two guys in a blue Chevy Trailblazer and 1 guy in the back seat. Kaila said there were 2 other guys standing in the parking lot next to the Trailblazer. Kaila said they all had handguns and they were dancing, like they were shooting a music video.

Kaila said when the police arrived the blue Trailblazer took off and the police then contacted the two people on foot.

Your Affiant also googled blue core shooting and found one BluCore Shooting Center located at 7860 E. Jewell Ave, Lakewood, CO 80232. Your Affiant and Det. Raines responded to BluCore and learned Jamal Jones was last at the shooting range on March 6, 2020. Jamal purchased ammunition and targets. Jerry was last at BluCore Shooting on February 8, 2019.

Your Affiant cleared Jamal, Jerry, and Lyndell through CCIC/NCIC.

Your Affiant then conducted a criminal history check on Jamal and Jerry Jones. Your Affiant learned neither Jamal or Jerry are previously convicted Felons.

Your Affiant conducted a criminal history check on Lyndell Daniels through CCIC/NCIC. Your Affiant learned Lyndell is a previously convicted felon in the State of Colorado. Lyndell is also on Parole.

| | | | |
|---|---|---|---|
| 2017CR2399 | Denver District | Violation of Bail Bonds-F6 | Guilty 1yr DOC. |
| 2016CR3222 | Denver District | Poss. Sch. 2-DF3 | Guilty 3yrs. DOC. |
| 2016CR2562 | Arapahoe County | Special Offender-DF1 | Guilty 8yrs. DOC. |
| 2013CR2219 | Denver District | Poss. Sch. 2-F6 | Guilty 2yrs. Prob. |
| 2012CR289 | Denver District | MVT-F4 | Guilty 2yrs. Prob. |

Case No. 1:21-cr-00332-RMR   Document 37-6   filed 07/18/22   USDC Colorado   pg
8 of 9

AURORA POLICE DEPARTMENT
GENERAL OFFENSE HARDCOPY
(STOLEN PROPERTY-POSSESS)

GO# 2021-5336
OPEN

Follow Up Report # 4

Your Affiant, therefore, respectfully requests that DNA Buccal Swabs be collected from Lyndell Eugene Daniels dob: 11-25-1991. That this nontestimonial evidence would either tend to clear or confirm Lyndell Eugene Daniels dob: 11-25-1991 as a suspect.

I HAVE READ THE forgoing statement, and the matters stated therein are true to the best of my knowledge and belief.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me this **21ST** day **APRIL**, A.D., 2021.

_____
Judge, Arapahoe County

| | |
|---|---|
| AURORA POLICE DEPARTMENT | GO# 2021-5336 |
| GENERAL OFFENSE HARDCOPY | OPEN |
| (STOLEN PROPERTY-POSSESS) | |

Follow Up Report # 4

COUNTY COURT, ARAPAHOE COUNTY, COLORADO
EIGHTEENTH JUDICIAL DISTRICT

CASE NUMBER _____ DIVISION _____

ORDER FOR NONTESTIMONIAL IDENTIFICATION

THE PEOPLE OF THE STATE OF COLORADO

vs.

**Lyndell Eugene Daniels dob: 11-25-1991**
**Defendant.**

---

THE MOTION of the District Attorney for nontestimonial identification having come before this Court, and the Court having reviewed same and the affidavit in support thereof,

THE COURT finds that such nontestimonial identification will be in material aid in determining whether Lyndell Eugene Daniels dob: 11-25-1991 committed the offense(s) of Possession of a Weapon by Previous Offender-F6; Theft, Section 18-12-108; 18-4-401, C.R.S.

THE COURT HEREBY ORDERS that Detective Eric White #22725, the Affiant in this Rule 41.1 matter, take **Lyndell Eugene Daniels dob: 11-25-1991** into custody and detain him for only such time as is necessary to obtain the following nontestimonial identification: DNA Buccal Swabs.

SO ORDERED this date __21ST__ day of __APRIL__, 2021.

BY THE COURT:

_____
JUDGE